# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN JEFFREY RICHSON-BEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. PALMER, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00463-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING THE COMPLAINT<br><br>(ECF No. 1)<br><br>**OBJECTIONS DUE WITHIN TWENTY-ONE DAYS** |

　　　　Plaintiff Sean Jeffrey Richson-Bey ("Plaintiff"), a California state prisoner proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on March 27, 2023, against W. Palmer, M. Benninghoff, and Wolf (collectively, "Defendants"). (ECF No. 1.) The complaint is now before this Court for screening. For the reasons stated herein, the Court recommends that the complaint be dismissed, without prejudice, for failure to state a claim.

## I.

## SCREENING REQUIREMENT

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure ("Rule") 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). If the factual elements of a cause of action are present but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Thus, to comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." Id. Such notice pleading is required in federal court in order to "give the defendant fair notice of what the claim … is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007) (internal quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. 544, 555 (2007)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient …." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). Nonetheless, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. Thus, where a plaintiff fails to "nudge [his or her] claims … across

2

the line from conceivable to plausible[,]" the complaint is properly dismissed. Iqbal, 556 U.S. at 680 (internal quotations omitted).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

This action appears to arise from state criminal court proceedings at the Superior Court for Kings County. (See ECF No. 1 at 7 ("affidavit of averment of jurisdiction" referring to Plaintiff's criminal case, People v. Richson, No. 23CM-0060).) Defendant Palmer is a magistrate at the Kings County Superior Court. (Compl. ¶ 4.) Defendant Benninghoff is an attorney. (Id. at ¶ 5.) Defendant Wolf is a deputy district attorney for Kings County. (Id. at ¶ 6.) Plaintiff, a prisoner at Salinas Valley State Prison, alleges he is a "Moorish-American National Human Flesh and Blood Being, Aboriginal, Indigenous to the Americas" and governed by the U.S. Constitution and the 1836 United States-Morocco Treaty of Peace and Friendship. (See id. at ¶¶ 3, 7.)

Plaintiff alleges he was asked to appear for a state court hearing via videoconference (Zoom) on February 22, 2023. (Id. at ¶ 7.) Plaintiff refused to attend the hearing by Zoom. (Id.)

On March 20, 2023, Plaintiff was again asked to appear for a state court hearing by Zoom; he sought to decline the appearance, but was required to do so "under threat, duress, and coercion of purported order authorizing physical extraction of [Plaintiff's] Natural Person to compel compliance or attendance. (Id. at ¶ 8.) Plaintiff appeared before Defendant magistrate Palmer, but sought to contest the court's jurisdiction over him for lack of due process in this action; he proffered an affidavit in support of this contention. (Id. at ¶ 9; ECF No. 1 at 7.) Plaintiff alleges Palmer returned the affidavit to Plaintiff and did not further respond on that matter, and refused to hear or entertain Plaintiff's oral arguments on the issue of jurisdiction. (Compl. ¶ 9.) Instead, Palmer appointed defense counsel to Plaintiff (Defendant Benninghoff) and proceeded with arraignment proceedings on Plaintiff's matter. (Id.) Plaintiff alleges

3

Benninghoff entered a plea of "not guilty" on his behalf, set preliminary and pretrial matters, and waived pre-arraignment matters over Plaintiff's objections and without his consent. (Id. at ¶¶ 9–10.) Plaintiff claims these actions demonstrate Benninghoff was in collusion with the prosecution (Wolf) and magistrate Palmer to violate Plaintiff's unspecified rights, "trafficking [his] Natural Person … for involuntary servitude, peonage, debt bondage, and/or slavery." (Id. at ¶¶ 10–11.)

The operative complaint asserts causes of action for: (1) unreasonable seizure under the Fourth Amendment related to forcing Plaintiff to appear at his state court arraignment; (2) due process violations under the Fifth Amendment, the 1836 United States Morocco Treaty of Peace and Friendship, and the 1963 Vienna Convention on Consular Relations, based on Plaintiff's contention that the March 20, 2023 hearing constituted "summary proceedings"; (3) violations of the Sixth Amendment arising from the appointment of counsel in Plaintiff's criminal matter, over his objection; and (4) violations of the Fifth Amendment arising from the "exercise of jurisdiction [over Plaintiff] by [an] incompetent tribunal." (Id. at ¶¶ 12–15.) Plaintiff seeks relief against each Defendant pursuant to 18 U.S.C. § 242. (Id. at ¶ 16.)

## III.

## DISCUSSION

### A. Frivolousness/Lack of Subject Matter Jurisdiction

As previously noted, under § 1915, the Court must dismiss the case if the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B). The Court lacks subject matter jurisdiction over frivolous cases. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) (holding federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy."); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549–50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Thus, a court may dismiss a claim as frivolous
3  where it is based on an indisputably meritless legal theory or where the factual contentions are
4  "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and
5  "delusional").  Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing
6  Neitzke, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level
7  of the irrational or the wholly incredible, whether or not there are judicially noticeable facts
8  available to contradict them"); Fed. R. Civ. P. 12(h)(3).  "[T]he frivolousness determination is a
9  discretionary one" for the court.  Denton, 504 U.S. at 33.

10   Here, though couched in terms of various constitutional violations (Fourth Amendment
11 seizure, Sixth Amendment right to counsel, Fifth Amendment due process), the complaint is
12 "replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-
13 called sovereign-citizen movement."  See Sealey v. Branch Banking and Tr. Co., No. 2:17-cv-
14 785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. 2019).  While many various sub-groups
15 and ideologies may fall under the sovereign-citizen umbrella, the overarching unifying principle
16 is the belief that, even though they physically reside in this country, the state and/or federal
17 governments lack constitutional legitimacy and therefore have no authority to regulate their
18 behavior.  See Gravatt v. U.S., 100 Fed. Cl. 279, 282 (2011); U.S. v. Ulloa, 511 Fed. App'x 105,
19 n.1 (2d Cir. 2013); see also La Vell Harris v. Cnty. of Lake, No. 20-CV-09329-RMI, 2021 WL
20 2170138, at *1 (N.D. Cal. May 10, 2021), report and recommendation adopted sub nom. Harris v.
21 Cnty. of Lake, No. 20-CV-09329-HSG, 2021 WL 2170135 (N.D. Cal. May 25, 2021), appeal
22 dismissed, No. 21-16054, 2022 WL 17847243 (9th Cir. Nov. 18, 2022) (detailing the tenets of the
23 ideology with respect to its challenges to the legitimacy of the government, and the "redemption"
24 process through which the "flesh-and-blood persons" may be split from their "straw-man
25 personas" so as to exist outside of and not need to acknowledge the jurisdiction of any
26 governmental entity over their persons and their activities).

27   Here, all of Plaintiff's claims arise from the contention that he was wrongly forced to
28 appear at and participate in state court proceedings which did not have jurisdiction over him.

5

(See, e.g., Compl. ¶¶ 7–9.)  Though the complaint does not expressly allege facts to explain why the state court did not have jurisdiction over plaintiff for purposes of his criminal arraignment, Plaintiff repeatedly refers to himself as a "flesh-and-blood" natural person/Moorish-American, protected by various international and foreign treaties, and seeks remedies under 18 U.S.C. § 242, a statute that essentially protects foreign individuals from federal violations by state actors—all indicia of sovereign citizen-based arguments.  (See Compl. ¶¶ 3, 7–8, 11–16; see also "Affidavit of Averment of Jurisdiction," ECF No. 1 at 7); see also 18 U.S.C. § 242.[1]

Even while Plaintiff does not expressly state that he is a "sovereign citizen," the Court finds Plaintiff's allegations, explanations, and exhibits are all demonstrative of the fact that Plaintiff's claims are entirely rooted in the sovereign citizen ideology.  Arguments and claims arising from the sovereign citizen ideology are routinely rejected by countless federal courts. See, e.g., U.S. v. Ward, 182 F.3d 930, at *2 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument") (collecting cases); U.S. v. Benabe, 654 F.3d 753, 761–67 (7th Cir. 2011) (discussing sovereign citizen arguments as "frivolous, irrational, or unintelligible," having no validity in country's legal system and recommending that they be "rejected summarily, however they are presented" and regardless of the individual's claimed status of descent, "be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being' ") (collecting cases); see also Liles v. Skiles, No. 2:22-cv-00004-DCN, 2022 WL 3101620 (D. Idaho Aug. 4, 2022) (dismissing as frivolous sovereign-citizen-based claims that arrest and charges amounted to trespass, extortion, theft, torture, deprivation, kidnapping, and harm) (collecting cases); Williams v. Scheingart, No. C 15-3013-MMC, 2015 WL 7351388, at *1, (N.D. Cal. Nov. 20, 2015) (dismissing habeas petition, without leave to amend, that sought release from custody and monetary relief against various officials, on basis that the state court in which plaintiff was

---

[1] Section 242, titled "Deprivation of Rights Under Color of Law," provides that any person that "willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, plains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both …"  18 U.S.C. § 242.

convicted lacked jurisdiction over him because he is a "sovereign citizen."). Consequently, Plaintiff's claims based on this frivolous legal theory must be dismissed.

### B. Failure to State a Claim

Notwithstanding the finding that the entire complaint should be dismissed as frivolous, this Court finds that even under a liberal construction of Plaintiff's non-frivolous, non-conclusory allegations, the complaint fails to state a claim for any constitutional violations, as follows.

A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

#### 1. Section 1983/Linking Requirement

To state a claim under § 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988)). This requires the plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934; see also Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)) (a deprivation occurs if the defendant "does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do"). In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights. Moreover, the complaint must allege that each defendant acted with the requisite state of mind to violate the underlying constitutional provision. OSU Student All. v. Ray, 699 F.3d 1053, 1070 (9th Cir. 2012).

#### 2. Public Defender/Court-Appointed Defense Attorney – Defendant Benninghoff

As noted above, all claims pursuant to § 1983 require a defendant act under color of law to harm the plaintiff. 42 U.S.C. § 1983. However, public defenders act as an advocate for their client and are not considered to be acting under color of state law for § 1983 purposes, nor are

1  attorneys appointed by the court to represent a defendant in place of the public defender. See
2  Georgia v. McCollum, 505 U.S. 42, 53 (1992); Polk Cnty. v. Dodson, 454 U.S. 312, 320–25
3  (1981).

4        Here, Plaintiff takes issue with the fact that Defendant attorney Benninghoff was
5  appointed to represent him in his criminal matter, and that, in representing Plaintiff, Benninghoff
6  entered a plea of "not guilty," participated in the scheduling of future hearings and actively
7  represented Plaintiff at his arraignment. (Compl. ¶¶ 9, 10.) Therefore, to the extent Plaintiff has
8  named his court-appointed criminal defense attorney in this action, he cannot maintain such an
9  action against such this individual. Dismissal of Defendant Benninghoff is therefore warranted.

10        3.    Judicial/Quasi-Judicial Immunity – Defendant Palmer

11        Defendant magistrate Palmer is entitled to judicial immunity, or "quasi-judicial" immunity
12  against any constitutional claims filed under 42 U.S.C. § 1983.

13        The Supreme Court has explained this immunity by reasoning that "a judicial officer, in
14  exercising the authority vested in him, shall be free to act upon his own convictions, without
15  apprehension of personal consequences to himself." Bradley v. Fisher, 80 U.S. 335, 347 (1871).
16  A judge's errors should be corrected on appeal, not by subsequent civil litigation because civil
17  liability "would contribute not to principled and fearless decision making but to intimidation."
18  Pierson v. Ray, 386 U.S. 547, 554 (1967); In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007)
19  (per curiam). Indeed, judicial immunity is so firmly grounded in our jurisprudence that it cannot
20  be defeated by procedural error or malicious, biased, or controversial actions. Mireles v. Waco,
21  502 U.S. 9, 11 (1991) (malicious action does not defeat judicial immunity); Stump v. Sparkman,
22  435 U.S. 349, 359, 363–64 (1978) (procedural error does not defeat judicial immunity);
23  Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) (conspiracy and bribery do not
24  defeat judicial immunity). Quasi-judicial immunity similarly applies to defendants who are not
25  judges but are government officials who play an integral part in the implementation of the judicial
26  function. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 (1993).

27        Nonetheless, there are two exceptions to judicial immunity: (1) allegations arising from
28  "actions not taken in the judge's judicial capacity," and (2) judicial actions taken "in the complete

absence of all jurisdiction." Mireles, 502 U.S. at 11–12; In re Complaint of Judicial Misconduct, 366 F.3d 963, 965 (9th Cir. 2004). A judge acting in "excess of his jurisdiction" still receives immunity "so long as the acts themselves were judicial." Rosenthal v. Justices of the Supreme Ct. of Cal., 910 F.2d 561, 565-66 (9th Cir. 1990) (citing Stump, 435 U.S. at 355–57; Bradley, 80 U.S. at 351).

Here, Plaintiff sues magistrate Palmer on the basis that Palmer rejected his affidavit of jurisdiction, thus denying his jurisdiction argument, appointed a defense attorney for Plaintiff in his criminal case, set hearing dates, and "purportedly" ordered Plaintiff to appear at his criminal arraignment. All of these actions fall within the ambit of judicial capacity and therefore immunity attaches. Furthermore, neither of the exceptions to immunity apply here. As noted, the first exception does not apply because Palmer's actions—denying an unauthorized speaking motion, appointing counsel to an unrepresented criminal defendant, managing the docket by scheduling hearing dates, accepting a plea of "not guilty," and setting bail—all fall within the ambit of "judicial capacity." The second exception, a purported lack of jurisdiction, is also inapplicable here. The instant complaint is premised on Plaintiff's argument that the state court lacks jurisdiction over him, but these arguments have no factual basis other than the sovereign citizen ideology which the Court has deemed frivolous. Palmer, therefore, is entitled to immunity and dismissal.

4. Prosecutorial Immunity

It is well established that a prosecutor enjoys absolute immunity from suits for damages when he acts within the scope of his prosecutorial duties. See Imbler v. Pachtman, 424 U.S. 409, 420–24 (1976) (applying immunity to federal and state claims). Absolute immunity turns on the function of the conduct, not "whether it was lawful." Buckley v. Fitzsimmons, 509 U.S. 259, 271 (1993); see also Demery v. Kupperman, 735 F.2d 1139, 1143 (9th Cir. 1984) ("[I]mmunity attaches to … actions … performed as part of the prosecutor's preparation of his case, even if … 'investigative' or 'administrative.'"); Ashelman, 793 F.2d at 1075 (immunity applies "even if it leaves the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.") (quotations omitted). Even allegations of

conspiracy cannot penetrate absolute immunity where the "ultimate actions" are protected by immunity. Id. In short, the immunity is "broadly construe[d]." Id. at 1076; see also Buckley, 509 U.S. at 274 n.5 (immunity for decision to prosecute "whether he has probable cause or not"); id. at 270 ("making false or defamatory statements during, and related to, judicial proceedings"); Trice v. Modesto City Police Dep't, No. 1:08-cv-01891-AWI-SMS, 2009 WL 102712, at *9–10 (E.D. Cal. Jan. 14, 2009) (prosecutors immune for using illegally obtained information to prosecute); Broam v. Bogan, 320 F.3d 1023, 1030 (9th Cir. 2003) (prosecutor protected by absolute immunity despite concealing exculpatory evidence); Demery, 735 F.2d at 1144 (inducement of false testimony "is not relevant to question of whether immunity attaches"); Fullman v. Graddick, 739 F.2d 553, 559 (11th Cir. 1984) (prosecutor immune from claims he "conspired … to create and proffer perjured testimony"); Burns v. Reed, 500 U.S. 478, 492 (1991) (acts taken to procure search and arrest warrants); Torres v. Goddard, 793 F.3d 1046, 1053 (9th Cir. 2015) (preparing and filing motion for an arrest warrant)).) Further, suits against California district attorneys who are acting in a prosecutorial capacity are considered suits against California. Del Campo v. Kennedy, 517 F.3d 1070, 1073 (9th Cir. 2008). The Eleventh Amendment bars suits by citizens against their own state.

Here, Plaintiff's claims against Defendant deputy district attorney Wolf arise from the assertion that Wolf participated in the arraignment hearing on behalf of the State without Plaintiff's consent to participate, and the vague assertion that Wolf "colluded" with Plaintiff's appointed counsel Benninghoff in some manner related to the arraignment. (Compl. ¶¶ 9, 10.) The claims themselves and conclusory and lack any factual basis; however, even if sufficient facts were alleged, this Court finds immunity would attach under the aforementioned legal authorities because Plaintiff's claims against Wolf all arise from actions Wolf took during the arraignment hearing with respect to Plaintiff's state criminal case. Accordingly, further amendment with respect to claims against Wolf would be futile, and dismissal of Defendant Wolf is warranted.

### C. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely

given when justice so requires," because "the court must remain guided by the underlying purpose of Rule 15 … to facilitate decisions on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). Nevertheless, a district court need not grant leave to amend where the amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court." Id.

Here, the complaint is not only frivolous because it is rooted in the illegitimate and discredited rhetoric; it also fails to allege facts sufficient to state any cognizable claim. Indeed, the face of the complaint demonstrates Defendants Palmer and Wolf are entitled to immunity and, because of the nature of judicial and prosecutorial immunity, amendment with respect to these Defendants would be futile. Similarly, Plaintiff's claims against Defendant Benninghoff, his court-appointed criminal defense attorney, fail as a matter of law because Benninghoff's actions as Plaintiff's defense attorney do not constitute "state action" for purposes of § 1983 claims. These defects cannot be cured by amendment. Accordingly, leave to amend should be denied.

### IV.
### ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of the Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that

1. The complaint (ECF No. 1) be DISMISSED, without prejudice, for as frivolous and for failure to state a claim; and

2. The Clerk of the Court be DIRECTED to CLOSE this action.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within twenty-**

**one (21) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 28, 2023**

UNITED STATES MAGISTRATE JUDGE